UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN OALMANN | CIVIL ACTION |
| VERSUS | NO. 20-380 |
| ST. TAMMANY PARISH HOSPITAL SERVICE DISTRICT NO. 2, DOING BUSINESS AS SLIDELL MEMORIAL HOSPITAL | SECTION M (1) |

### ORDER & REASONS

Before the Court is a motion by defendant St. Tammany Parish Hospital Service District No. 2, doing business as Slidell Memorial Hospital (the "Hospital"), to dismiss plaintiff's second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff Alan Oalmann responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons holding that Oalmann's complaint was not filed timely.

I.     BACKGROUND

This matter concerns claims for a hostile work environment and sexual harassment brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. On October 31, 2018, Oalmann, who was the director of oncology and medical surgery for the Hospital,[3] filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against the Hospital alleging discrimination based on his gender and sexual harassment as well as retaliation.[4] A year later, on October 31, 2019, the EEOC mailed a right-to-

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] R. Doc. 20 at 2.
[4] R. Doc. 22-3.

sue letter (the "Letter") to Oalmann and his attorney authorizing Oalmann to file suit against the Hospital.[5]

On February 4, 2020, Oalmann initiated this civil action, filing suit against the wrong defendant, the Slidell Memorial Hospital Foundation (the "Foundation").[6] The Foundation moved to dismiss the complaint arguing that the Hospital, as Oalmann's employer, was the proper defendant.[7] On April 17, 2020, this Court granted Oalmann leave to file an amended complaint naming the Hospital as the proper defendant;[8] and, on April 23, 2020, Oalmann did so.[9]

Thereafter, the Hospital filed a motion to dismiss arguing that Oalmann's Title VII claims were not timely filed within the applicable 90-day statute of limitations.[10] The Hospital argued that, because the date Oalmann received the Letter was not pleaded in the amended complaint, the Court should apply a three-day presumption to hold that Oalmann received the Letter on November 4, 2019, thereby placing the filing of Oalmann's original complaint one day outside of the 90-day limitation period.[11] Using the counting rules of Rule 6 of the Federal Rules of Civil Procedure, the Hospital reasoned as follows: the Letter was issued on Thursday, October 31, 2019; the third day thereafter was Sunday, November 3, 2019, so Oalmann is presumed to have received the Letter on Monday, November 4, 2019; the ninetieth day after November 4, 2019, was Sunday, February 2, 2020, so the 90-day period would have expired at the end of the next day, Monday, February 3,

---

[5] R. Doc. 22-4.
[6] R. Docs. 2; 22-2 at 2.
[7] R. Doc. 5.
[8] R. Doc. 11.
[9] R. Doc. 12.
[10] R. Doc. 14.
[11] R. Doc. 14-1 at 2-4. Further, the Hospital argued that the doctrine of equitable tolling was inapplicable, and Oalmann's April 23, 2020 amended complaint did not relate back to the original complaint so is untimely in any event. *Id.* at 5-9.

2020; and Oalmann's original complaint was filed the following day, February 4, 2020, one day late.[12]

In opposition, Oalmann attached a declaration stating that his counsel received the Letter on November 6, 2019.[13] He asserted, then, that given this date of receipt, the 90-day period did not expire until February 4, 2020, so the filing of his original complaint on that day was timely.[14] Oalmann then argued that the amended complaint was also timely because it relates back to the filing of his original complaint under Rule 15(c) of the Federal Rules of Civil Procedure.[15]

In ruling on the Hospital's motion to dismiss Oalmann's first amended complaint, this Court observed that pleading deficiencies hindered the Court in resolving the issue of the timeliness of the original complaint.[16] Specifically, the Court noted that Oalmann failed to plead facts regarding when the EEOC mailed the Letter or when Oalmann received it. Thus, in the interest of justice, the Court allowed Oalmann one last opportunity to amend his complaint to cure the noted deficiencies, and the Hospital the opportunity to respond by supplying facts pertinent to the timeliness issue if they were left unaddressed by Oalmann in the second amended complaint.[17]

Thereafter, Oalmann filed his second amended complaint in which he alleges that: the EEOC issued the right-to-sue letter on October 31, 2019; his attorney received it on November 6, 2019; and he "does not recall if or when he received a copy of the Right-to-Sue Notice but was informed by his attorney that she received [it] on November 6, 2019."[18] The Hospital filed the instant motion to dismiss arguing that Oalmann's second amended complaint does not cure the

---

[12] *Id.* at 4.
[13] R. Doc. 15-1.
[14] R. Doc. 15 at 5.
[15] *Id.* at 5-8.
[16] R. Doc. 19 at 4-5.
[17] *Id.* at 5. The Court further held that Oalmann waived any claim to equitable tolling by failing to respond to that portion of the Hospital's motion, *id.* at 2 n.13, and that the Court would address the relation-back argument if it found that the original complaint was timely filed. *Id.* at 5.
[18] R. Doc. 20 at 7.

3

pleading deficiencies pointed out by the Court because it still does not allege when **Oalmann** received the Letter.[19]  Accordingly, the Hospital urges the Court to apply a three-day presumption of receipt, which renders the filing of the original complaint untimely.[20]  In opposition, Oalmann advocates for the application of a more lenient seven-day presumption of receipt, inferring that he must have received the Letter after his attorney because it was mailed from New Orleans, and he lives in Picayune, Mississippi, whereas his attorney's office is in Baton Rouge.[21]

### III.   LAW & ANALYSIS

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a Title VII claimant "must file suit within 90 days of receipt of an EEOC right-to-sue letter." *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 812 (5th Cir. 2015); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (observing that "this circuit has repeatedly dismissed cases in which the plaintiff did not file until after the ninety-day limitation period had expired").  In the absence of a concrete allegation of when the plaintiff actually received the notice, a court is to apply a presumption that a claimant receives a right-to-sue letter within a certain period of time after it is mailed.  *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015); *see also January v. Tex. Dep't of Crim. Justice*, 760 F. App'x 296, 299-300 (5th Cir. 2019).

In *Jenkins*, a published opinion, the Fifth Circuit explained that, "'[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.'"  784 F.3d at 266 (quoting *Taylor*, 296 F.3d at 379).  The court also observed that, as of that date (April 2015), it had "applied different presumptions in different contexts and [had] noted that 'the exact number

---

[19] R. Doc. 22-2 at 3-8.
[20] *Id.*  The Hospital also reiterates its relation back and equitable tolling arguments, but they need not be addressed because the Court finds that the complaint was untimely filed.
[21] R. Doc. 23 at 5-6.

4

of days is thus an open question in [the Fifth] Circuit.'" *Id.* (quoting *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007), and citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (applying a three-day presumption)). The *Jenkins* court then noted that "the majority of other circuit courts apply a three-day presumption of receipt, primarily citing to Federal Rule of Civil Procedure 6(d), which assumes receipt three days after service is mailed." *Id.* at 266-67 (collecting cases; footnote omitted). With all this in mind, the Fifth Circuit concluded in *Jenkins* that "where the date of receipt [of a right-to-sue letter] is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Id.* at 267. Under this presumption, the complaint at issue in *Jenkins* (at least as to one of two EEOC charges) was untimely. *Id.* Notably, however, the complaint would have been timely filed under a seven-day presumption of receipt. *Id.* at 266. Just weeks later, another panel of the Fifth Circuit, citing *Jenkins*, also applied the three-day presumption in *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 812 (5th Cir. 2015) (Lee's complaint was untimely by over two months).

In a more recent, but unpublished opinion, the Fifth Circuit, relying on *Taylor* (which predates *Jenkins*), observed that "[w]hen the parties dispute the date upon which a right-to-sue letter is received, or when the date of receipt is unknown, the Fifth Circuit presumes that the letter was received on or prior to the seventh day after the letter was mailed." *January*, 760 F. App'x at 299-300 (citing *Taylor*, 296 F.3d at 380). The *January* court also noted that "[t]he Fifth Circuit has 'expressed satisfaction with a range between three and seven days' after the date that the right-to-sue letter was issued by the EEOC." *Id.* at 300 (quoting *Morgan*, 489 F.3d at 196). Importantly, even with the application of a seven-day presumption of receipt, January's complaint was filed

almost three months late. *Id.* In this sense, then, the reference to a seven-day presumption in *January* is dicta. *January* does not cite or distinguish *Jenkins* or *Lee*.[22]

Considering the weight of the competing lines of authority, this Court finds that a three-day presumption of receipt is not only appropriate but controlling.[23] On the one hand, in *Jenkins*, the difference between applying a three- or seven-day presumption of receipt was claim-dispositive; the complaint at issue was untimely under the three-day rule, but would have been timely under a seven-day rule. 784 F.3d at 266. Moreover, the language of the decision pronounces a rule of law the Fifth Circuit expects lower courts to follow. *Id.* at 267 ("courts *should* apply") (emphasis added). On the other hand, in *January*, the application of a three- or seven-day rule made no difference because the complaint was filed more than two months too late. 760 F. App'x at 300. Thus, when it counted, the Fifth Circuit applied the three-day rule and held the complaint to have been untimely filed. Because the difference between a presumption of three and seven days is material in this case, as it was in *Jenkins*, this Court applies a three-day rule here, making November 4, 2019, the presumed date of Oalmann's receipt of the Letter. Ninety days from November 4, 2019, was February 2, 2020. As February 2, 2020, was a Sunday, under Rule 6 of the Federal Rules of Civil Procedure, the last day to file the instant suit would have been Monday, February 3, 2020. Fed. R. Civ. P. 6(a)(1)(C) (providing that when the last counting day

---

[22] Oalmann cites four cases for the proposition that "the overwhelming authority" from Louisiana federal district courts is that a seven-day presumption of receipt applies. R. Doc. 23 at 5-6 (citing *Stewart v. Smitty's Supply, Inc.*, 2020 WL 433362, at *2-3 (E.D. La. Jan. 28, 2020); *Lee v. Maint. Enters., LLC*, 2018 WL 3420807, at *3-4 (M.D. La. July 13, 2018); *Walter v. JPS Aviation, LLC*, 2017 WL 119481, at *5-6 (W.D. La. Jan. 10, 2017); *Borne v. River Pars. Hosp.*, 2011 WL 1001410, at *3 (E.D. La. Mar. 18, 2011)). None of these cases cites *Jenkins* (one even predates it), and the complaints at issue in all of them were untimely even when a seven-day presumption was applied.

[23] "[A]n unpublished opinion issued after January 1, 1996 is not controlling precedent in [the Fifth Circuit], [but the court] may consider it as persuasive authority." *United States v. Abbate*, 2020 WL 4783738, at *4 n.33 (5th Cir. Aug. 18, 2020) (citing *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006)).

is a Sunday, "the period continues to run until the end of the next day that is not a ... Sunday").

Therefore, Oalmann's original complaint, filed on February 4, 2020, was untimely.[24]

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Hospital's motion to dismiss Oalmann's second amended complaint (R. Doc. 22) is GRANTED.

New Orleans, Louisiana, this 25th day of August, 2020.

                                          BARRY W. ASHE
                                          UNITED STATES DISTRICT JUDGE

---

[24] The Court is mindful that Oalmann's counsel received the Letter on November 6, 2019, six days after it was mailed. Considering the geographic locations of the place of mailing (New Orleans), and of Oalmann (Picyaune) and his counsel (Baton Rouge), it is possible that Oalmann may not have received the Letter in three days. But Oalmann presents no evidence in support of this hypothesis other than his counsel's declaration of when she received her copy of the Letter. Perhaps a more generous three-to-seven-day rule would be appropriate in a case such as this where there is at least some evidence of a delay in receipt – in this case, by plaintiff's counsel – longer than the three-day presumption, but within seven days. *Cf. Morgan*, 489 F.3d at 196-97 (applying five-day presumption of receipt where right-to-sue letter itself stated that receipt would be presumed five days after mailing). However, as it stands, on the facts alleged in the second amended complaint (which fails to specify when Oalmann himself received the right-to-sue letter), the weight of Fifth Circuit precedent instructs this Court to apply a three-day presumption of receipt when there is no direct evidence showing when plaintiff (as opposed to his counsel) received the right-to-sue letter or suggesting that a different period should be used (*e.g.*, when a different period is prescribed in the right-to-sue letter itself), and when application of a three-day presumption is case-dispositive.