UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALAN OALMANN | CIVIL ACTION |
| VERSUS | NO. 20-380 |
| ST. TAMMANY PARISH HOSPITAL SERVICE DISTRICT NO. 2, DOING BUSINESS AS SLIDELL MEMORIAL HOSPITAL | SECTION M (1) |

**ORDER & REASONS**

Before the Court is a motion by plaintiff Alan Oalmann for reconsideration or relief from judgment under Rule 60 of the Federal Rules of Civil Procedure of this Court's August 25, 2020 dismissal of this action.[1] Defendant St. Tammany Parish Hospital Service District No. 2, doing business as Slidell Memorial Hospital (the "Hospital"), responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Oalmann's motion because he was not diligent in locating the allegedly newly discovered evidence.

**I.      BACKGROUND**

This matter concerns claims for a hostile work environment and sexual harassment brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. On October 31, 2018, Oalmann, who was the director of oncology and medical surgery for the Hospital,[3] filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against the Hospital alleging discrimination based on his gender and sexual

---

[1] R. Doc. 26.
[2] R. Doc. 27.
[3] R. Doc. 20 at 2.

harassment as well as retaliation.[4]  A year later, on October 31, 2019, the EEOC mailed a right-to-sue letter (the "Letter") to Oalmann and his attorney authorizing Oalmann to file suit against the Hospital.[5]

On February 4, 2020, Oalmann initiated this civil action, filing suit against the wrong defendant, the Slidell Memorial Hospital Foundation (the "Foundation").[6]  The Foundation moved to dismiss the complaint arguing that the Hospital, as Oalmann's employer, was the proper defendant.[7]  On April 17, 2020, this Court granted Oalmann leave to file an amended complaint naming the Hospital as the proper defendant;[8] and, on April 23, 2020, Oalmann did so.[9]

Thereafter, the Hospital filed a motion to dismiss arguing that Oalmann's Title VII claims were not timely filed within the applicable 90-day statute of limitations.[10]  The Hospital argued that, because the date Oalmann received the Letter was not pleaded in the amended complaint, the Court should apply a three-day presumption to hold that Oalmann received the Letter on November 4, 2019, thereby placing the filing of Oalmann's original complaint one day outside of the 90-day limitation period.[11]  Using the counting rules of Rule 6 of the Federal Rules of Civil Procedure, the Hospital reasoned as follows: the Letter was issued on Thursday, October 31, 2019;  the third day thereafter was Sunday, November 3, 2019, so Oalmann is presumed to have received the Letter on Monday, November 4, 2019;  the ninetieth day after November 4, 2019, was Sunday, February 2, 2020, so the 90-day period would have expired at the end of the next day, Monday, February 3,

---

[4] R. Doc. 22-3.
[5] R. Doc. 22-4.
[6] R. Docs. 2; 22-2 at 2.
[7] R. Doc. 5.
[8] R. Doc. 11.
[9] R. Doc. 12.
[10] R. Doc. 14.
[11] R. Doc. 14-1 at 2-4.  The Hospital further argued that the doctrine of equitable tolling was inapplicable, and Oalmann's April 23, 2020 amended complaint did not relate back to the original complaint so is untimely in any event.  *Id.* at 5-9.

2020; and Oalmann's original complaint was filed the following day, February 4, 2020, one day late.[12]

In opposition, Oalmann attached a declaration stating that his counsel received the Letter on November 6, 2019.[13] He asserted, then, that given this date of actual receipt, the 90-day period did not expire until February 4, 2020, so the filing of his original complaint on that day was timely.[14] Oalmann then argued that the amended complaint was also timely because it relates back to the filing of his original complaint under Rule 15(c) of the Federal Rules of Civil Procedure.[15]

In ruling on the Hospital's motion to dismiss Oalmann's first amended complaint, this Court observed that pleading deficiencies hindered the Court in resolving the issue of the timeliness of the original complaint.[16] Specifically, the Court noted that Oalmann failed to plead facts regarding when the EEOC mailed the Letter or when Oalmann received it. Thus, in the interest of justice, the Court allowed Oalmann one last opportunity to amend his complaint to cure the noted deficiencies, and the Hospital the opportunity to respond by supplying facts pertinent to the timeliness issue if they were left unaddressed by Oalmann in the second amended complaint.[17]

Thereafter, Oalmann filed his second amended complaint in which he alleged that: the EEOC issued the right-to-sue letter on October 31, 2019; his attorney received it on November 6, 2019; and he did "not recall if or when he received a copy of the Right-to-Sue Notice but was informed by his attorney that she received [it] on November 6, 2019."[18] The Hospital filed another motion to dismiss arguing that Oalmann's second amended complaint did not cure the pleading

---

[12] *Id.* at 4.
[13] R. Doc. 15-1.
[14] R. Doc. 15 at 5.
[15] *Id.* at 5-8.
[16] R. Doc. 19 at 4-5.
[17] *Id.* at 5. The Court further held that Oalmann waived any claim to equitable tolling by failing to respond to that portion of the Hospital's motion, *id.* at 2 n.13, and that the Court would address the relation-back argument if it found that the original complaint was timely filed. *Id.* at 5.
[18] R. Doc. 20 at 7.

3

deficiencies pointed out by the Court because it still did not allege when Oalmann received the Letter.[19] Accordingly, the Hospital urged the Court to apply a three-day presumption of receipt, which would render the filing of the original complaint untimely.[20] In opposition, Oalmann advocated for the application of a more lenient seven-day presumption of receipt, inferring that he must have received the Letter after his attorney because it was mailed from New Orleans, and he lived in Picayune, Mississippi, whereas his attorney's office was in Baton Rouge.[21]

The Court noted that there was no concrete allegation of when Oalmann actually received the right-to-sue letter, and after carefully considering the relevant cases, it applied the three-day presumption, rather than the seven-day presumption, to find that Oalmann's original complaint was filed too late.[22] Thus, the Court granted the Hospital's motion and dismissed the case.[23] A judgment in the Hospital's favor was issued on August 27, 2020.

## II.   PENDING MOTION

On September 25, 2020, Oalmann filed the instant motion for reconsideration or relief from judgment, arguing that he has discovered new evidence that warrants relief.[24] Oalmann argues that after he filed his EEOC charge, he moved to California, and although he had his mail forwarded, he did not receive the copy of the Letter mailed to him.[25] He claims he "did due diligence" by going through previously unpacked boxes of mail, but was unable to locate the Letter prior to responding to the Hospital's second motion to dismiss.[26] Oalmann argues that, after

---

[19] R. Doc. 22-2 at 3-8.
[20] *Id.* The Hospital also reiterated its relation back and equitable tolling arguments, but the Court did not need to address them because it found that the complaint was untimely filed.
[21] R. Doc. 23 at 5-6.
[22] R. Doc. 24.
[23] *Id.*
[24] R. Doc. 26.
[25] R. Doc. 26-2 at 2.
[26] *Id.*

4

judgment was entered, he learned his daughter had another box of mail for him.[27]  This box contained the Letter to him postmarked November 6, 2019, which, he says, makes his February 4, 2020 filing of the complaint timely.[28]

In opposition, the Hospital argues that the Letter does not constitute newly discovered evidence because Oalmann was not diligent in locating it.[29]  The Hospital argues that the date of Oalmann's receipt of the Letter has been at issue for at least four months, and that because it was in Oalmann's actual or constructive possession that whole time, a reasonable exercise of diligence to search for such a crucial piece of evidence should have uncovered it for timely submission in opposing the Hospital's motions to dismiss.[30]  The Hospital further argues that Oalmann has not offered any valid explanation of why he did not thoroughly search all available documents before the Court entered its judgment, and thus, the Letter cannot constitute newly discovered evidence.[31]

### III.  LAW & ANALYSIS

#### A. Rule 59 & Rule 60(b)(2) Standard

A Rule 59(e) motion for reconsideration calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id*.  "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).  The grant of such a motion is an "extraordinary remedy that should be used

---

[27] *Id.*

[28] *Id.*  From its examination, the Court cannot tell whether the label on the envelope Oalmann attaches to his motion reflects his mailing address.  Yet, because the Hospital does not question it, the Court will assume that it does for the purposes of this motion.

[29] R. Doc. 27 at 1-8.  The Hospital argues that the motion must be analyzed under Rule 60(b) of the Federal Rules of Civil Procedure since it was filed one day too late to be considered under Rule 59.  Because the Court has weighed the motion under both rules, and the result is the same either way, it need not resolve this question.

[30] *Id.*

[31] *Id.*

sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted).  A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1990).  Such a motion must be filed "no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).

In the Fifth Circuit, a Rule 59(e) movant must show that reconsideration is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to address an intervening change in the controlling law.  *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 32 (5th Cir. 2012); *Barber v. Spinal Elements*, 2019 WL 5810304, at *2 (E.D. La. Nov. 7, 2019).  But the motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *In re Life Partners Holdings, Inc.*, 926 F.3d 105, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).  The Fifth Circuit has held that:

> a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.

*Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (internal citation omitted).

Similarly, Rule 60(b)(2) provides that "[o]n motion and just terms, the court may relieve a party ... from a final judgment" when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  "To obtain Rule 60(b)(2) relief, a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and

6

controlling and clearly would have produced a different result if present before the original judgment." *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (quotation and citations omitted). "The movant must 'strictly' satisfy these requirements." *Id.* (citation omitted).

"Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (citing 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2808, at 86 (2d ed. 1995)).

### B. Oalmann's "Newly Discovered" Evidence

The postmarked envelope and Letter purportedly constituting the mailing directed to Oalmann does not constitute newly discovery evidence under the applicable standard because he has not proved that it could not have been discovered earlier with proper diligence. The date of Oalmann's receipt of the Letter has been at issue in this litigation for months (since the filing of the Hospital's first motion to dismiss on May 29, 2020), and the Letter and envelope have been in his actual or constructive possession the entire time. The Court gave Oalmann two opportunities to file an amended complaint alleging when he received the Letter. Although he moved to California, his daughter supposedly possessed a box of mail that contained the Letter. Oalmann has not explained why he did not ask his daughter for the mail earlier, when he was searching for the Letter in the boxes of mail he had with him in California. Given the amount of time the issue regarding the timing of Oalmann's receipt of the Letter was pending, and given the multiple opportunities the Court afforded Oalmann to marshal facts supporting his position and amend his complaint, Oalmann, with proper diligence, could have located the mailing before the Court resolved the Hospital's second motion to dismiss and entered judgment in the its favor. Because Oalmann has not explained why he could not find the Letter and envelope sooner than when it was

submitted with this motion for reconsideration nearly a month after the Court entered judgment, he cannot strictly satisfy the requirement that the evidence could not have been discovered earlier with proper diligence. *See Nat'l City Golf*, 899 F.3d at 418 (evidence not "new" when party had access to it the entire time); *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) (no relief under Rule 60(b)(2) where party did not prove that it could not have obtained the evidence prior to the entry of judgment if it had exercised due diligence); *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (evidence not "new" when party did not offer proof of why it could not have been obtained sooner). As a result, Oalmann's motion for reconsideration or relief from judgment must be denied.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Oalmann's motion for reconsideration or for relief from judgment under Rule 60 (R. Doc. 26) is DENIED.

New Orleans, Louisiana, this 22nd day of October, 2020.

_____<br>
BARRY W. ASHE<br>
UNITED STATES DISTRICT JUDGE